(15 Misc. Rep. 512.)

### ALDEN v. BARNARD et al.

(Supreme Court, Special Term, Oneida County. January, 1896.)

LIMITATIONS—RUNNING OF STATUTE.

    A wife having advanced money to her huband on his agreement to procure therewith an assignment to her of overdue mortgages on his residence, he, instead thereof, procured, without her knowledge, satisfactions and recorded them. When, shortly thereafter, she discovered this, they made an agreement that the mortgages should stand as security for the funds which he had used, and that she should have the same interest in the lands as if she held the assignments, and that, as long as they should live on the premises and she should be accorded certain privileges therein, he should be released from payment of interest. *Held*, in an action by her, after his death, to be adjudged owner of the mortgages, and for foreclosure thereof, that the statute did not begin to run while she was in the enjoyment of the premises with him.

Action by Roxanna Alden, individually and as executrix of her deceased husband, against Charles E. Barnard, executor of deceased, and others, to have satisfactions of mortgages canceled, to have plaintiff adjudged owner of the mortgages, and to have them foreclosed. Judgment for plaintiff.

J. A. Pease and S. M. Lindsley, for plaintiff.

Charles G. Irish and Thos. S. Jones, for defendants Charles E. Barnard, Minnie E. Hughes, and Nellie C. Barnard.

WRIGHT, J. In 1883, Mr. Alden, a few weeks prior to his marriage with the plaintiff, obtained from her $700, upon the agreement that he would use the money in procuring an assignment to her of a mortgage then outstanding against his residence in Utica, and overdue. A few weeks after their marriage, be obtained another sum, of $800, upon the agreement that he would use it in procuring the assignment to her of another mortgage outstanding against his residence, and overdue. Instead of procuring assignments, he procured, without her knowledge, satisfactions of the mortgages, and put them on record. A short time thereafter, upon her discovering the misappropriation of the funds, they made an

agreement that the mortgages should stand as valid securities in her hands for the amount of the funds misappropriated, and that she should have the same interest in the land as if she held assignments thereof, and that, as long as they should live together as husband and wife on the premises, he should be released from the payment of interest. He had no other property, and they lived together in the enjoyment of the possession of the property until his death, which occurred in December, 1890. The defendants who have answered are the executor of the will of Mr. Alden and his children by a former marriage. They interpose the statute of limitations as a defense.

As between the plaintiff and her husband, these mortgages were never paid nor satisfied. Equity does not give his wrongful deflection of the fund the force of payment, but considers what ought to be done as done. By the use of her money as described, under the agreement to obtain assignments, she became at once the equitable owner of those mortgages, with the right to enforce them. Johnson v. Parmely, 14 Hun, 398; Short v. Currier, 153 Mass. 182, 26 N. E. 444; Purser v. Anderson, 4 Edw. Ch. 18. If there were no subsequent agreement, the statute of limitations would begin to run from that date. But the subsequent agreement above detailed, by which he conceded all of her rights, rendered litigation unnecessary. Her possession and right of possession under the agreement had a characteristic additional to that of a wife in the enjoyment of her husband's real estate; and it was so recognized by her husband on a subsequent occasion, when she complained of having been excluded by his children from the enjoyment of certain rooms, contrary to the agreement above mentioned, and proposed to leave the house unless he should rectify the matter, which was accordingly done. And since, under that agreement, nothing became due on the mortgages while they were in mutual possession and enjoyment of the premises, the statute of limitations did not begin to run against the plaintiff until the date of Mr. Alden's death. The statute never runs against a contractor while he is in the full enjoyment of his rights under the contract. While the plaintiff was in possession of the premises with her husband, she, under the agreement, was in the enjoyment of all the rights she had, or could have, as owner of those mortgages, according to their terms of payment, as modified by the agreement. The executor and heirs occupy Mr. Alden's position. The complaint may stand as amended to conform to the proof. The plaintiff is entitled to judgment.

Judgment for plaintiff.